IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**DAMIEN PADILLA,**

    **Plaintiff,**

v.

**CONNIE DOLCE,**

    **Defendant.**

Case No. 25-cv-196-RJD

# **MEMORANDUM AND ORDER**

**DALY, Magistrate Judge:**

    Plaintiff Damien Padilla, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Pontiac Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights while at Menard Correctional Center. In the Complaint, Padilla alleges that Connie Dolce was deliberately indifferent to his serious medical needs in violation of the Eighth Amendment.

    This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A.[1] Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which

---

[1] The Court has jurisdiction to screen the Complaint in light of Plaintiff's consent to the full jurisdiction of a Magistrate Judge, and the limited consent by the Illinois Department of Corrections and Wexford Health Sources, Inc., to the exercise of Magistrate Judge jurisdiction as set forth in the Memoranda of Understanding between this Court and these two entities.

1

relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

In his Complaint, Padilla makes the following allegations: Padilla suffers from back and leg pain (Doc. 1, p. 3). He previously had spinal surgery and needs physical therapy (*Id*. at pp. 2-3). But while incarcerated at Menard from December 1, 2023 until December 18, 2024, he was unable to obtain care from Connie Dolce (*Id*. at p. 2). Padilla requested physical therapy, medication, and to be seen on a nurse sick call, but Connie Dolce, who Padilla alleges is the head nurse and director of nursing, ignored his requests (*Id*. at p. 2-3). Padilla alleges that Dolce was aware of his need for physical therapy but failed to schedule the treatment (*Id*. at p. 3). Padilla also wrote Dolce about his medical issues, but she ignored his complaints and refused to send him to a doctor or nurse practitioner for care.

Padilla also alleges that he submitted several request slips to Nurse Morgan, but those requests went unanswered (Doc. 1, pp. 3-4). As a result of his lack of medical care, Padilla suffered back pain and spasms (*Id*. at p. 4). Despite Dolce's knowledge of Padilla's condition and need for care, she refused his requests for medication and treatment (*Id*.).

## Discussion

Based on the allegations in the Complaint, the Court finds it convenient to divide the *pro se* action into the following counts:

> **Count 1:** Eighth Amendment claim against Connie Dolce for acting with deliberate indifference to Padilla's need for medical care and medications for his back pain.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[2]

At this stage, Padilla states a viable claim for deliberate indifference under the Eighth Amendment. He adequately alleges that he requested medications, medical treatment, and physical therapy for his back condition, but Dolce ignored those requests. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Chatham v. Davis*, 839 F.3d 679, 684 (7th Cir. 2016); *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (delay in treatment).

## Disposition

For the reasons stated above, Count 1 shall proceed against Connie Dolce.

The Clerk of Court shall prepare for Defendant Connie Dolce: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons) and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendant's place of employment as

---

[2] This includes any potential due process claim under the Fourteenth Amendment. Although Padilla mentions his due process rights, he fails to adequately allege that any due process rights were violated by Dolce's actions. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face"). Padilla also fails to state a claim against Nurse Morgan who is not identified as a defendant in the case caption. *Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005) (to be properly considered a party a defendant must be "specif[ied] in the caption").

3

identified by Padilla. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If Defendant can no longer be found at the work address provided by Padilla, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendant need only respond to the issues stated in this Merit Review Order**.

Because Padilla's claims involve his medical care, the Clerk of Court is **DIRECTED** to enter the Court's standard HIPAA Qualified Protective Order.

If judgment is rendered against Padilla, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Padilla is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: April 14, 2025.**

>  */s/ Reona J. Daly*
> **REONA J. DALY**
> **U.S. Magistrate Judge**

## Notice to Plaintiff

The Court will take the necessary steps to notify the defendant of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, the defendant will enter her appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendant's Answer, but it is entirely possible that it will take **90 days** or more. When defendant has filed her Answer, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendant before filing any motions, to give the defendant notice and an opportunity to respond to those motions. Motions filed before defendant's counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**